IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  19-CR-7-V

SACHIN AJI BHASKAR,

Defendant.

## GOVERNMENT'S CALCULATION OF MAXIMUM SENTENCE AND SENTENCING GUIDELINE RANGE

THE UNITED STATES OF AMERICA, by and through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, Russell T. Ippolito, Jr., Assistant United States Attorney, in anticipation of the defendant pleading guilty to all counts of the Indictment, and pursuant to the suggestion of the Court of Appeals in United States v. Pimentel, 932 F.2d 1029, 1034 (2d Cir. 1991), hereby sets forth the maximum potential sentence to which the defendant will be exposed, and the present position of the government as to the calculations under the Sentencing Guidelines which will apply in this case. This analysis is set forth for informational purposes only and forms no part of any plea agreement between the government and the defendant.

## MAXIMUM SENTENCE

1. Count 1 of the Indictment charges a violation of Title 18, United States Code, Section 2422(b) [sexual enticement of a minor] for which the minimum possible sentence is a

term of imprisonment of 10 years, and the maximum possible sentence is a term of imprisonment of life, a fine of $250,000, or both, a mandatory $100 special assessment and a term of supervised release of up to life.

2. Pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the compensable losses of the victim as determined by the Court.

## ELEMENTS OF THE OFFENSE

3. If this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. The defendant used a facility of interstate commerce as alleged in the indictment;

   b. The defendant knowingly persuaded, induced, or enticed Victim 1 to engage in sexual activity;

   c. This sexual activity would violate New York law; and

   d. Victim 1 was less than eighteen years old at the time of the acts alleged in the indictment.

## SENTENCING GUIDELINES CALCULATIONS

4. The government presently believes that the Sentencing Guidelines will apply to this case as follows:

## BASE OFFENSE LEVEL

5. Guidelines § 2G1.3(a)(3) applies to the offense of conviction and provides for a base offense level of 28.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

6. The following specific offense characteristics apply:

a. the 2 level increase pursuant to Guidelines § 2G1.3(b)(2)(A) (offense involved knowing misrepresentation of a participant's identity to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct);

b. the 2 level increase pursuant to Guidelines § 2G1.3(b)(3)(A) (offense involved use of a computer to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct);

c. the 2 level increase pursuant to Guidelines § 2G1.3(b)(4)(A) (offense involved the commission of a sexual act); and

d. the 8 level increase pursuant to Guidelines § 2G1.3(b)(5) (offense involved minor who had not attained the age of 12 years).

## ADJUSTED OFFENSE LEVEL

7. Based on the foregoing, the adjusted offense level for the offense of conviction is 42.

8. The government maintains that Guidelines § 4B1.5(b)(1) applies to the offense of conviction and, as a result, there is a 5 level increase in the offense level, which would result in an offense level of 47.

## ACCEPTANCE OF RESPONSIBILITY

9. Assuming the defendant pleads guilty and allocutes to the satisfaction of the Court in a timely manner, thereby demonstrating acceptance of responsibility for his offense and permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, a 3 level decrease pursuant to U.S.S.G. § 3E1.1 is warranted, resulting in an adjusted offense level of 44. Pursuant to Guidelines Ch. 5 Pt. A, app.n 2, an offense level of more than 43 is to be treated as an offense level of 43. Therefore, the total adjusted offense level is 43.

## CRIMINAL HISTORY CATEGORY

10. Based upon the information now available to the government, the defendant's criminal history category is I.

## SENTENCING RANGE

11. Based upon the calculations set forth above, with a total offense level of 43 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of life, a fine of $50,000 to $250,000, and a period of supervised release of 5 years or up to life.

12. The foregoing Sentencing Guidelines calculations are based on facts and information presently known to the government. Nothing in this document limits the right of the government to change its position at any time as to the appropriate Guidelines calculations in this action, and to present to the Court and Probation Department, either

orally or in writing, any and all facts and arguments relevant to sentencing and to the defendant's offense level, criminal history category and sentencing range, which are available to the government at the time of sentencing.  Nothing in this document limits the ability of the government to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action and to recommend a sentence above the Sentencing Guidelines range.  Further, this document does not limit the right of the government to take a position on any departure or non-Guidelines sentence which may be suggested by the Court, the Probation Department, or the defendant.

13.     This document does not and cannot bind either the Court or the Probation Department either as to questions of fact or as to determination of the correct Guidelines to apply in this case.  The sentence to be imposed upon the defendant will be determined solely by the Court.  The government cannot and does not make any promise or representation as to what sentence the defendant will receive.

DATED:   Buffalo, New York, March 2, 2020.

                                          JAMES P. KENNEDY, JR.
                                        United States Attorney

BY:     s/RUSSELL T. IPPOLITO, JR.
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York   14202
        716/843-5843
        Russell.Ippolito@usdoj.gov